UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE HAMLINE COMMUNITY GARDENS, KAREN MCCREDDIN, and ANN CHARLOTTE JOSEPH<br><br>Plaintiffs,<br>v.<br>THE CITY OF SAN JOSE,<br><br>Defendant. | Case No.: 12-CV-000464-LHK<br><br>ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER |

Before the Court is Plaintiff the Hamline Community Gardens', Karen McCreddin's, and Ann Charlotte Joseph's (collectively "Plaintiffs") *ex parte* motion for a temporary restraining order ("TRO") seeking to enjoin Defendant City of San Jose (the "City") from "making any changes to the operations, rules or regulations governing the Hamline Community Garden for the garden year 2012 or until the court rules on" Plaintiffs' request for injunctive relief. *Ex Parte* TRO Motion at 1, ECF No. 2. For the foregoing reasons, Plaintiffs' *ex parte* motion for a TRO is DENIED.

**I.    RELEVANT FACTUAL BACKGROUND**

Karen McCreddin and Ann Charlotte Joseph are gardeners at the Hamline Community Garden, a twenty six plot garden operated in agreement with City for the last thirty-one years. Compl. 1. Plaintiffs' complaint arises out of the City's decision on or about November 22, 2011, to implement new rules and regulations governing the garden. Compl. 6. According to Plaintiffs, the City seeks to "tak[e] over the garden, rais[e] fees by 42%, and oust[] one third of the community members in good standing." Compl. 1.

Plaintiffs filed a complaint on January 30, 2012, seeking an order enjoining the City from assessing a fee and from evicting any of the present garden members. Compl. 10.[1] Plaintiffs seek relief under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*; and California Proposition 218. *Id.* at 4-6.

Plaintiffs allege that new rules and regulations governing the community gardens on February 1, 2012, will result in the eviction of eight of the twenty six gardeners. Mot. 1. Plaintiffs also allege that a 42% increase in fees will force a ninth gardener "to pull his plants and move to a smaller location as he will no longer be able to afford his plot . . . ." *Id.*

Plaintiffs allege that under the previous rules and regulations, a gardener in good standing was promised continued tenancy and "a gardener could only be evicted for poor stewardship of the land and or poor citizenship within the community." *Id.* Plaintiffs allege that under the new rules, a gardener must agree that the city can evict the gardener "at any time without reason or repayment of fees or other expenses that the gardener may have incurred for their completely unprotected harvest." *Id.* at 2.

Plaintiffs allege that the new rules and regulations "break the trust between the gardeners and the city," and that this breach of trust has already resulted in fewer winter harvests. *Id.* at 1-2.

## II.   LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F. 3d

---

[1] This case was reassigned to the undersigned judge on February 3, 2012. ECF No. 7.

1196, 1201 (9th Cir. 2009). The issuance of a preliminary injunction is at the discretion of the district court. *Indep. Living Ctr. v. Maxwell-Jolly,* 572 F.3d 644, 651 (9th Cir. 2009).

Federal Rule of Civil Procedure 65(b)(1) states that a court may issue a temporary restraining order without notice to the opposing party only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Federal Rule of Civil Procedure 11 states that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."

### III.   DISCUSSION

Plaintiffs filed the instant *ex parte* motion for a Temporary Restraining Order on January 30, 2012. ECF No. 2. Plaintiffs filed a proof of service on February 2, 2012, stating that John H.P. Mawsley "personally present[ed] to Rebecca Hall, in the San Jose City attorney's office a copy of this complaint, TRO and argument for the TRO." ECF No. 6. Thus, Plaintiffs have complied with the notice requirements of Federal Rule of Civil Procedure 65(b)(1)(B). However, Plaintiffs did not sign their motion. *See* ECF No. 2. Accordingly, pursuant to Federal Rule of Civil Procedure 11, the Court must strike the motion unless Plaintiffs take corrective action promptly.

### B.  Merits of the TRO

Moreover, even if Plaintiffs had complied with Rule 11, Plaintiffs have failed to establish that they are likely to succeed on the merits, and Plaintiffs have not shown in an affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result to them before the City can be heard in opposition, as required under Federal Rule of Civil Procedure 65(b)(1)(A).

As an initial matter, the Court notes that Plaintiffs' *ex parte* motion for a TRO failed to cite any legal authorities to support the argument that Plaintiffs are likely to succeed on the merits of the claims alleged in the FAC. Civil Local Rule 65-1 requires that an *ex parte* TRO application be

3

Case No.: 12-CV-00464-LHK
ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

accompanied by "a memorandum of points and *authorities*" in support of the motion (emphasis added). Thus, at this point, Plaintiffs have not shown a likelihood of success on the merits.

Plaintiffs' factual allegations are not set forth in in an affidavit or a verified complaint, as required by Federal Rule of Civil Procedure 65(b)(1)(A). The Complaint is neither signed nor verified, and the new factual allegations from the arguments supporting Plaintiffs' motion are not set forth in an affidavit.

If Plaintiffs had complied with the procedural requirements, however, the irreparable harm factor would be a closer question. Plaintiffs do allege that they will suffer irreparable harm in the form of "loss of community," "emotional loss," and "loss of investment" of time and money. Compl. Ex. F. at 3; *cf. New York City Environmental Justice Alliance v. Giuliani*, 50 F. Supp. 2d 250 (S.D.N.Y 1999) (finding irreparable harm in the context of a motion seeking to preliminarily enjoin the City of New York from selling or destroying parcels of land comprising community gardens). Specifically, Plaintiffs state that the gardeners facing eviction "have nowhere else to move their perennial plants like asparagus, strawberries, artichokes, etc." *Id.* However, it is not clear from Plaintiffs' complaint when the eight gardeners are to be evicted. *See* Compl. 5 (suggesting that gardeners received 70 days notice of eviction); *but see id.* Ex. E (suggesting that gardeners receive 30 days notice of eviction). Thus, Plaintiffs have failed to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*," as required for issuance of an *ex parte* TRO. Fed. R. Civ. P. 65(b)(1) (emphasis added).

Accordingly, for the reasons discussed above, Plaintiffs' *ex parte* motion for a TRO is DENIED. However, if Plaintiffs cure their failure to sign their complaint and motion and their failure to state their facts in an affidavit or verified complaint, the Court will consider a fully briefed motion for a TRO.

The Court hereby orders Plaintiffs to file a corrected motion on February 8, 2012, and the City to file an opposition, if any, by February 13, 2012. Plaintiffs may file a reply on or before February 16, 2012. Plaintiffs' motion for a TRO will be heard on March 1, 2012, at 1:30 p.m. The Court will attempt to determine the motion without oral argument pursuant to Civil Local Rule 7-

4
Case No.: 12-CV-00464-LHK
ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

1(a).  In the meantime, the Court strongly encourages the parties to attempt to resolve this dispute without the assistance of the Court.

**IT IS SO ORDERED.**

Dated:  February 6, 2012

          *Lucy H. Koh*
LUCY H. KOH
United States District Judge